Filed 6/26/13  Bushnell Landscape Ind. V. Grover Landscape Serv. CA3

# NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## THIRD APPELLATE DISTRICT

(Placer)

----

| | |
|---|---|
| BUSHNELL LANDSCAPE INDUSTRIES, INC., | C069821 |
| Plaintiff and Respondent, | (Super. Ct. No. SCV 24955) |
| v. | |
| GROVER LANDSCAPE SERVICES, INC., | |
| Defendant and Appellant. | |

Contaminated rice hulls sold by defendant Grover Landscape Services, Inc., caused significant damage to plaintiff Bushnell Landscape Industries, Inc.'s, nursery stock.  A jury found defendant liable for (1) negligence, (2) breach of contract, and (3) breach of implied warranty.  On the negligence cause of action, the jury found plaintiff 25 percent responsible and defendant 75 percent responsible for the harm. Plaintiff elected to proceed to judgment on remedies arising out of its breach of contract and warranty claims, thereby precluding the trial court from reducing the jury award by 25 percent.  On appeal, defendant argues:  (1) the trial court erred by failing to reduce the jury award by 25 percent, and (2) plaintiff's election of remedies was not proper under the circumstances.  We affirm.

1

## FACTS

In late 2007, plaintiff purchased rice hulls from defendant. Plaintiff incorporated the rice hulls into its custom-made soil mix, and used the mixture as potting soil for its nursery inventory stock. Within less than two years of purchasing the rice hulls from defendant, a substantial number of plaintiff's plant inventory had to be thrown away or were dead because the rice hulls were contaminated with toxic levels of copper. The rice hulls' copper toxicity poisoned and compromised the plants' root systems, and slowly killed plaintiff's plants.

## PROCEDURE

Plaintiff filed a complaint against defendant alleging causes of action for breach of oral contract, loss of good will, negligence, negligent misrepresentation, breach of implied warranty, and strict liability. After plaintiff dropped the loss of good will and strict liability claims, the matter was submitted to the jury on the following causes of action: (1) negligence, (2) negligent misrepresentation, (3) breach of contract, and (4) breach of implied warranty. The jury was given two special verdict forms: part one and part two. At trial, defendant did not object to the special verdict forms. In fact, defendant helped draft the forms. On appeal, defendant is not challenging the jury instructions.

In part one of the special verdict, the jury answered interrogatories regarding each theory of recovery. Elements for each theory of recovery were taken from California Civil Jury Instructions for Judges and Attorneys (CACI) verbatim. (CACI Nos. 303, 405, 1222, 1231, 1232.) The jury was instructed to decide whether defendant was liable on each element of each cause of action. On the negligence claim, the jury set defendant's responsibility for harm at 75 percent while plaintiff's responsibility for harm was 25 percent. The jury did not find defendant liable for negligent misrepresentation. The jury found defendant liable under claims of breach of contract and breach of implied warranty.

2

Part two of the special verdict form asked: "If you have found defendant Grover liable under any theory on Special Verdict Form - Part 1, please answer the following question: [¶] What is the total amount of plaintiff's damages? $_____ [¶] (Do not reduce the total amount of damages above if you have found plaintiff Bushnell at fault for causing any damages. The court will make any reduction, if necessary.)"

During deliberations, the jury asked the court if they had the ability to pick and award the dollar amount in damages. In response, the trial court stated: "The dollar amount of damages, if any, is a matter for the jury to determine." The jury then wrote "$1.33 mill" on Special Verdict Form - Part 2 as the total unreduced amount of plaintiff's damages.

After plaintiff elected to proceed to judgment on the contract claims only, thus mooting the jury's special verdict as to comparative fault, defendant filed its objection to the proposed judgment of $1.33 million, claiming that the proposed judgment failed to conform to the special verdict. The trial court denied defendant's motion to reduce the award by 25 percent because plaintiff elected not to proceed to judgment on remedies arising out of its negligence claim.

DISCUSSION

I

*Comparative Fault in Breach of Contract*

Defendant claims that the trial court erred in refusing to reduce the jury award by 25 percent, because in defendant's view, the judgment does not conform to the jury's intent as evidenced in the special verdict. We disagree.

Defendant asserts that, because the jury attributed 25 percent responsibility to plaintiff, it was the jury's clear intent to reduce the $1.33 million judgment by 25 percent. In support of its position, defendant cites *Woodcock v. Fontana Scaffolding & Equip. Co.* (1968) 69 Cal.2d 452, 456 (*Woodcock*) for the proposition that it is the trial court's duty to make the judgment conform to the verdict when the intention of the jury is clear from

3

the language of the verdict.  In *Woodcock*, "[t]he heart of [the] controversy is the question whether 'damages in the sum of $13,000.00' represents the total or gross amount of damages to plaintiff or a reduced or net amount of damages after exclusion of the payments made to plaintiff by intervener.  If $13,000 represents the whole amount of damages, then Woodcock's 'damages must be reduced by the amount of workmen's compensation he received' to avoid double recovery.  [Citations.]" (*Woodcock*, *supra*, 69 Cal.2d at p. 455.)

Woodcock is inapposite.  The issue in *Woodcock* was based exclusively on a single negligence cause of action.  (*Woodcock*, *supra*, 69 Cal.2d at p. 454.)  After the court determined that the jury award represented the gross amount of damages to the plaintiff, it reduced the award by the amount of worker's compensation he had already received.  (*Id.* at pp. 458-459.)  The court did this as setoff for an amount already paid to the plaintiff, not for apportionment of fault.  (*Id.* at p. 454.)

Unlike *Woodcock*, this case does not include a claim of setoff.  Instead, defendant wants us to reduce the award on the contract claims for plaintiff's comparative fault.  But comparative fault does not apply to contract claims.  (*Kransco v. American Empire Surplus Lines Ins. Co.* (2000) 23 Cal.4th 390, 400-407 [comparative fault does not apply to contract claims].)

*Shaffer v. Debbas* (1993) 17 Cal.App.4th 33 (*Shaffer*) is directly on point.  In *Shaffer*, homeowners sued contractors for damages based on theories of negligence and breach of express warranty.  (*Id*. at p. 38.)  In a special verdict on the negligence claim, the jury attributed five percent fault to the homeowners.  (*Id*. at p. 41.)  On appeal of the breach of warranty claim, the contractors claimed that "an additional 5 percent must be deducted to give effect to the jury's comparative negligence calculations."  (*Id*. at p. 42.)  The Court of Appeal rejected the argument stating:  "[W]e are persuaded that comparative negligence is not a defense to a breach of express warranty action.  [Citations.]" (*Ibid*.)

4

Similarly, in this case, the jury attributed 25 percent fault to plaintiffs in the special verdict on the negligence claim. Defendant wants us to deduct 25 percent from the $1.33 million jury award to give effect to the jury's comparative negligence calculations. However, because comparative fault principles do not apply to breach of contract and warranty claims as a matter of law, the trial court did not err when it refused to reduce the jury award by 25 percent.

## II

### *Election of Remedies*

Defendant claims that the election of remedies doctrine is not applicable because at no time was the jury asked to consider inconsistent remedies, and defendant never asserted election of remedies as an affirmative defense. We disagree.

"In its 'conventional form,' the doctrine of election remedies 'is stated as follows: Where a person has two concurrent remedies to obtain relief on the same state of facts, and these remedies are inconsistent, he must choose or elect between them; and if he has clearly elected to proceed on one, he is bound by this election and cannot thereafter pursue the other. "Election of remedies has been defined to be the right to choose or the act of choosing between different actions or remedies where plaintiff has suffered one species of wrong from the act complained of. Broadly speaking, an election of remedies is the choice by a plaintiff to an action of one of two or more coexisting remedial rights, where several such rights arise out of the same facts, but the term has been generally limited to a choice by a party between inconsistent remedial rights, the assertion of one being necessarily repugnant to or a repudiation of the other." [Citation.]' [Citation.]" (*Denevi v. LGCC, LLC* (2004) 121 Cal.App.4th 1211, 1218 (*Denevi*), italics omitted.)

Defendant claims that the election of remedies doctrine should not apply because the jury was never asked to consider inconsistent remedies. However, defendant fails to cite any authority in support of his contention. We are unaware of any authority stating that the election of remedies doctrine is predicated on the *jury* being asked to consider

5

inconsistent remedies. To the contrary, if the remedies are inconsistent, then it is the *plaintiff* who must choose between them. (*Denevi*, *supra*, 121 Cal.App.4th at p. 1218.)

The election of the contract remedy over the tort remedy was appropriate under the facts of this case. The monetary award plaintiff would receive under the negligence claim and the breach of contract claim provided for two different amounts. Under the negligence claim, the $1.33 million award would be reduced by 25 percent under the comparative fault doctrine. (*See Li v. Yellow Cab Co.* (1975) 13 Cal.3d 804.) Under the breach of contract claim, the award amount would not be reduced. These remedies were inconsistent while based on the same set of facts. Therefore it was not error for the trial court to allow plaintiff to choose the remedy based on the breach of contract and warranty claims.

DISPOSITION

The judgment is affirmed. Plaintiff shall recover its costs on appeal. (Cal. Rules of Court, rule § 8.278(a).)

        NICHOLSON        , Acting P. J.

We concur:

      HULL      , J.

      ROBIE      , J.